NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3261
_____

MARK MORGENFRUH,
                              Appellant
v.

LARSON DESIGN GROUP, INC.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-18-cv-00021)
District Judge: Honorable Matthew W. Brann

_____

Submitted under Third Circuit L.A.R. 34.1(a)
September 9, 2020

Before: CHAGARES, HARDIMAN, and MATEY, *Circuit Judges*.

(Filed: September 9, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Larson Design Group, Inc. terminated Mark Morgenfruh's employment, and he sued for disability discrimination and interference with his medical leave. The District Court granted Larson summary judgment, and Morgenfruh now appeals. We will affirm.

I

In 2013, Larson hired Morgenfruh as its Director of Human Resources and promoted him to Vice President. By 2016, Morgenfruh was diagnosed with a number of illnesses,[1] and his health kept declining.[2] On June 27, 2017, Larson's Chief Executive Officer Keith Kuzio wrote a memorandum to Morgenfruh's personnel file detailing several reasons he had decided to terminate Morgenfruh. Three days later, Kuzio met with Morgenfruh to explain his decision. Morgenfruh wanted an explanation, and Kuzio gave two reasons from the memo he wrote: succession planning and director development. When Morgenfruh pressed for other reasons, Kuzio replied: "[I]t's just not worth getting into right now." App. 554.

---

[1] These included degenerative disc disease, chronic obstructive pulmonary disease, gastroesophageal reflux disease, hypertension or high blood pressure and high cholesterol, and irritable bowel syndrome.

[2] After 2016, Morgenfruh was diagnosed with Type II diabetes, benign prostatic hyperplasia, and sleep apnea.

Morgenfruh sued Larson in the United States District Court for the Middle District of Pennsylvania, claiming discrimination in violation of the Americans with Disabilities Act (ADA), the Pennsylvania Human Relations Act (PHRA), and interference with his right to medical leave under the Family and Medical Leave Act (FMLA). The District Court granted Larson summary judgment, *Morgenfruh* v. *Larson Design Grp., Inc.*, 2019 WL 4511711, at *1 (M.D. Pa. 2019), and Morgenfruh appealed.

## II[3]

The District Court did not err. As to the disability discrimination claims,[4] the Court reasoned Morgenfruh could not show the legitimate, nondiscriminatory reasons Larson gave for his termination were pretextual. *See id.* at *4; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). On appeal, Morgenfruh explains Kuzio told him not to work on succession planning, and he finished the director development program just days before his termination. Morgenfruh also notes that Kuzio delayed his termination until he finished tasks that were critical to "enhancing engagement, trust, teamwork, to move the organization forward." Opening Br. at 21

---

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's summary judgment de novo. *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015).

[4] Claims under the PHRA are interpreted coextensively with ADA claims. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

3

(quotations omitted). Whatever the merit of these arguments, Morgenfruh did not present them to the District Court, so they are forfeited on appeal. *See In Re: J & S Props., LLC*, 872 F.3d 138, 146 (3d Cir. 2017) (citation omitted).

Morgenfruh also argues he can show pretext because Larson's answers to interrogatories gave more reasons for his termination than Kuzio mentioned at the time he terminated Morgenfruh. Opening Br. at 18–20 (citing *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 646 (4th Cir. 2002) (holding plaintiff showed pretext where an employer offered more reasons at trial than in discovery)). The District Court rejected this argument because "providing *additional* reasons is not the same as providing *inconsistent* reasons." *Morgenfruh*, 2019 WL 4511711, at *4. We need not reach that issue, however, because Larson did not "add" reasons between the in-person meeting and discovery: Kuzio's memo—dated three days before the meeting—lists the reasons Larson gave in its interrogatory answers.

Finally, as to the FMLA claim, the District Court held Larson's failure to advise Morgenfruh of his right to medical leave did not prejudice him because "he was familiar with the FMLA through his position as the head of Larson's human resources department." *Morgenfruh*, 2019 WL 4511711, at *6; *see also Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 143 (3d Cir. 2004) (an employee must show employer's "failure to advise rendered him unable to exercise [his] right [to leave] in a meaningful

4

way, thereby causing injury"). On appeal, Morgenfruh insists "he would have taken leave to attend medically necessary appointments and treatment" had Larson informed him of his right to FMLA leave. Opening Br. 15. That argument strains credulity.

Morgenfruh testified that before working at Larson, he took seminars or coursework in FMLA administration, personally administered the FMLA, and supervised people who did so. He also testified that when he worked at Larson: no one outside of HR had any greater knowledge about the FMLA than he did; he headed the department responsible for administering the FMLA; he was familiar with the forms Larson used to administer the FMLA; he had chosen a flexible work schedule over FMLA leave in the past; he knew his subordinate was trained in FMLA administration; and he advised Larson on the merits of other employees' FMLA claims. Given Morgenfruh's own testimony, no reasonable jury could conclude Larson's failure to advise him of his rights under the FMLA prejudiced him. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Morgenfruh knew about FMLA leave. If he wanted it, he would have taken it.

\* \* \*

For the above reasons, we will affirm the District Court's summary judgment.

5